**In re Vito DIPALMA, Debtor.**

**Bankruptcy No. 87 B 11058.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Dec. 29, 1988.

Daniel Hoseman, Chicago, Ill., Trustee.

Max Chill, Chicago, Ill., for trustee.

Abraham Brustein, Chicago, Ill., for debtor.

Norman Newman, formerly of Antonow & Fink, Chicago, Ill., for Dr. Riggs.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

The Debtor has moved for reconsideration of an order that effectively extended the bar date for filing objections to discharge and complaints to determine dischargeability until December 31, 1988 for certain creditors, including Dr. John Riggs.[1] The Debtor seeks an amended order that would apply the original bar date to Dr. Riggs and thereby prohibit him from filing an objection or complaint. Dr. Riggs contends that the bar date set in the Debtor's original chapter 7 case is inapplicable to this reconverted chapter 7 case because the original bar date never expired. The Court will grant the Debtor's motion and will apply the original bar date to Dr. Riggs.

The facts of the case are relatively straightforward. On July 27, 1987 a joint petition for relief under chapter 7 of the Bankruptcy Code was filed by the Debtor, Vito Dipalma, and his wife Theresa. A Bankruptcy Court order dated August 4, 1987 scheduled the meeting of creditors required by Section 341 of the Code for September 1, 1987. The same order said that October 31, 1987 would be the last day for filing objections to the discharge of the Debtor and the last day for filing complaints to determine the dischargeability of any debt. That date was set in accordance with the Bankruptcy Rules.[2] Dr. Riggs never sought an extension of time for filing an objection or complaint, as he might have under Rules 4004(b) and 4007(c).

On November 8, 1987 (after the October 31 bar date), the Court entered an order, pursuant to Section 706 of the Code, converting the Debtors' chapter 7 case to one under chapter 13 of the Code. This case proceeded under chapter 13 until August 15, 1988, when Theresa Dipalma was dismissed from the case and Vito Dipalma's case was reconverted to a chapter 7 liquidation.

In an order dated September 27, 1988 the Court reset the date for the first meeting of creditors for November 1, 1988 and reset December 31, 1988 as the bar date for filing objections to discharge and complaints to determine the dischargeability of debts. The Debtor moved the Court to vacate the September 27, 1988 scheduling order as to those creditors who had received timely notice of the first Section 341 meeting and bar date set by the August 4, 1987 order. The Court granted the Debtor's motion and entered its October 7, 1988 order. With the Debtor's consent, that order specifically provided that the new December 31, 1988 bar date apply to Dr. Riggs because counsel for the Debtor mistakenly believed that Dr. Riggs had not received timely notice of the original bar date. The Debtor now claims that Dr. Riggs did receive timely notice of the original bar date and that, indeed, Dr. Riggs was represented at the first Section 341 meeting on September 1, 1987. Dr. Riggs does not contest these assertions. He only denies their relevance to his position that the new bar date applies to his right to file an objection to discharge or complaint to determine the dischargeability of debts. The Debtor has moved this Court to reconsider its October 7, 1988 order and vacate the extended bar date for Dr. Riggs.

*Discussion:*

█ The issue is whether, in a case originally filed under chapter 7, converted to a

---

1. The Order was entered on October 7, 1988. The Debtor's motion for reconsideration was filed on October 11, 1988. The Court will treat the Debtor's motion as a timely motion to amend judgment under Bankruptcy Rule 9023, which applies Fed.R.C.Proc. 59 to bankruptcy cases.

2. Bankruptcy Rule 4004(a) sets the maximum time for filing objections to discharge under § 727(a) as "60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." Bankruptcy Rule 4007(c) sets the same maximum time for filing complaints to determine the dischargeability of debts under § 523(c) of the Code. The combined effect of Rule 4007(c) and Section 523(c) is to set a strict time limitation for the filing of complaints seeking to except from discharge debts that arise from false pretenses, false representation or fraud, or the use of a false financial statement (Section 523(a)(2)); fraud or defalcation while acting as a fiduciary, embezzlement or larceny (§ 523(a)(4)); or willful and malicious injury (§ 523(a)(b)). In the absence of a timely complaint, such debts are discharged.

case under chapter 13, and reconverted to a case under chapter 7, a creditor who had notice of the first bar date for filing objections to discharge and complaints to determine dischargeability may properly file an objection or a complaint after that bar date has expired. The Debtor claims that Bankruptcy Rule 1019(3) controls the outcome. That Rule (emphasis added) provides:

When a chapter 11 or chapter 13 case has been converted or reconverted to a chapter 7 case:

(3) A new time period for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of dischargeability of any debt shall commence pursuant to Rules 3002, 4004, or 4007, provided that *a new time period shall not commence if a chapter 7 case had been converted to a chapter 11 or 13 case and thereafter reconverted to a chapter 7 case and the time for filing* claims, a complaint objecting to discharge, or a complaint to obtain a determination of the dischargeability of any debt, or any extension thereof, *expired in the original chapter 7 case.*

The Debtor argues that this case falls within the provision of that Rule because his case was originally filed as a chapter 7 case, converted to a chapter 13 case and thereafter reconverted to a chapter 7 case. Since Dr. Riggs had notice of the original October 31, 1987 bar date and since that date passed before the conversion to chapter 13, the Debtor argues, on the basis of Rule 1019(3), that a new time period did not commence upon reconversion to chapter 7 and Dr. Riggs is time-barred from filing an objection or complaint.

Dr. Riggs argues that Rule 1019(3) is inapplicable in this situation because the bar date in the original chapter 7 case did not expire before the case was converted to chapter 13. He first points out that the meeting of creditors held on September 1, 1987 was never concluded because the Debtor announced his intention to voluntarily convert the chapter 7 case to a chapter 13 case, and, second, that the Debtor transmitted his notice to convert the chapter 7 case to a chapter 13 case on October 27, 1987, four days before the original bar date.

The language of Rule 1019(3) is unambiguous. If a chapter 7 case has been converted to a chapter 13 case then reconverted to a chapter 7 liquidation, no new time period will be allowed where the original bar date has expired during the pendency of the original chapter 7 proceeding and the creditors have had a full opportunity to file their claims and complaints. *See, In re Gracey*, 79 B.R. 597 (Bankr.E.D.Pa.1987); *In re Hall*, 51 B.R. 326, 329 (Bankr.D.Utah 1985).

■ Dr. Riggs argues, however, that the October 31, 1987 bar date did not expire in the original chapter 7 case because the Section 341 meeting was not completed on September 1, 1987. Complaints objecting to discharge or to determine the dischargeability of debts in a chapter 7 case "shall be filed not later than 60 days following the *first date* set for the meeting of creditors held pursuant to Section 341(a)." Rules 4004(a) and 4007(c) (emphasis added). It is the first date set for the meeting that is determinative; whether or not the meeting is held or completed on that date is irrelevant. *See, In re Rhodes*, 61 B.R. 626 (9th Cir.B.A.P.1986); *Collier on Bankruptcy*, ¶ 4004.03[1] (15th ed. 1987). Consequently, Dr. Riggs' argument that expiration of the bar date was somehow tolled because the meeting of creditors was never completed is wrong.

Dr. Riggs next points out that notice of the Debtor's motion to convert the chapter 7 case to a chapter 13 case was served four days before the original bar date expired. Dr. Riggs argues that there was no purpose to filing a complaint objecting to discharge or to determine dischargeability of a debt in a chapter 7 case after the Debtor sent that notice.[3] It is true that the Debtor

---

**3.** Section 727 of the Code, the chapter 7 discharge provision, does not apply to cases under chapter 13. Therefore, no time limit need be set for filing objections to discharge. *See Collier on Bankruptcy* ¶ 4003.03 (15th ed. 1987). Similar-

ly, a time limit for filing complaints to determine the dischargeability of debts in a chapter 13 case has no meaning because debts that would not be dischargeable under chapter 7 are dischargeable in a chapter 13 case, except long

had an absolute, non-waiveable right to convert his case. 11 U.S.C. 706(a). It therefore might be argued that the entry of the conversion order was a mere ministerial act, since there could have been no well-founded objection to the Debtor's motion, and so the motion, rather than the order, should be treated as the operative act of conversion for purposes of Rule 1019. But this argument is not persuasive for two reasons.

First, it is clear from the Bankruptcy Rules that conversion of a case from chapter 7 to chapter 13 requires an order and is not accomplished until that order is entered. The procedure for converting a case is governed by Rule 1017(d). That Rule provides:

> Conversion ... pursuant to § 706(a) ... shall be on motion filed and served as required by Rule 9013. A chapter 13 case shall be converted without court order on the filing of by the debtor of a notice of conversion pursuant to § 1307(a).

Rule 9013 provides that, "A request for an order ... shall be by written motion." Thus, a chapter 7 case can only be converted "on motion", which, under Rule 9013, is a "request for an order". In sharp contrast, Rule 1017 allows a chapter 13 debtor to convert his case "without court order on the filing of a ... notice". The rule makers certainly intended that conversion of a chapter 7 case be accomplished by the entry of an order, not the mere service of notice of intent to request such an order. (A debtor, after all might withdraw his or her motion before it is presented to the court, and nobody would argue that the case had been converted anyway.) The chapter 7 case does not end until that order is entered.

Second, neither Dr. Riggs nor any other creditor reasonably could have been misled into believing that the notice of motion effected the conversion or tolled the running of the bar period. Dr. Riggs does not allege that he was even aware of the notice at the time it was served; his attorneys do not appear on the proof of service. Moreover, the notice said only that the Debtor's attorney would present the motion to convert the case, and in the motion itself the Debtor "moves for entry of an order authorizing him to convert his case ..." Nothing in these papers suggested an intent that conversion would take place before the entry of an order. No party in interest reasonably could have believed that the Debtor intended to convert the case merely by service of this notice and motion, even assuming such an intent would have had any significance in view of the applicable provisions of the Bankruptcy Rules.

Therefore, since the original bar date was before the date of the order that converted the case, Rule 1019(3) prohibited the setting of a new time period for filing objections to discharge or complaints to determine dischargeability. The December 31, 1988 bar date set by the September 27, 1988 order is thus unavailable to Dr. Riggs, and the Debtor's motion to amend this Court's October 7, 1988 order will be granted.[4]

An order will be entered accordingly.

---

term debts and debts for alimony, maintenance and support. 11 U.S.C. § 1328(a).

**4.** This opinion does not deal with any creditors other than Dr. Riggs. Arguably, the bar date should not have been extended for any creditor, regardless of particular circumstances, and the September 27, 1988 order should not have been entered at all. (Such orders are generated automatically by this Court's Clerk without a motion.) But, rather than deal with an issue that has not been raised or briefed by the parties, that other creditors have not had a chance to address and that is unlikely to have any practical effect in this case anyway, the Court will resolve only Dr. Riggs' situation.