**In re John J. JEFFREY and Marsha Jeffrey, Debtors.**

**Bankruptcy No. 92–11497–CJK.**

United States Bankruptcy Court, D. Massachusetts.

Jan. 27, 1994.

assessed from the date the notice of claim was served on the defendant.

John O. Desmond, Chapter 7 Trustee.

Donald Kupperstein, Norwell, MA and Norman Novinsky, Brockton, MA, for debtors.

Richard D. Wayne, Boston, MA, for William Ringer and Brooks Drugs, Inc.

E. Franklin Childress, as Chapter 13 Trustee and U.S. Trustee.

## MEMORANDUM OF DECISION ON MOTION OF CHAPTER 7 TRUSTEE TO RECONSIDER ORDER CONVERTING CASE TO CHAPTER 13

CAROL J. KENNER, Bankruptcy Judge.

The Chapter 7 Trustee, John O. Desmond, has asked this Court to reconsider its order allowing the motion of the Debtors, John J. Jeffrey and Marsha Jeffrey, to convert this Chapter 7 case to one under Chapter 13 of the Bankruptcy Code. In support of his motion, the Trustee states that he did not receive notice of the motion to convert and that one of the Debtors' assets, a tort claim, has not yet been liquidated. The Trustee states that he is negotiating a settlement of the claim and that it would be in the best interest of creditors to reconsider the order converting the case, so that the lawsuit can be settled and creditors in the Chapter 7 case can receive a dividend. The Debtors have filed no response to the motion. After a hearing, the Court took the matter under advisement.

### Procedural History and Motion for Reconsideration

The Debtor's filed their petition under Chapter 7 of the Bankruptcy Code on February 14, 1992. In short order, the Chapter 7 Trustee filed a report of no assets, the Debtors received a discharge under 11 U.S.C. § 727(b), and, on June 22, 1992, the case was closed. It remained closed until September 17, 1993, when the Court allowed the motion of the Chapter 7 Trustee to reopen the case.[1]

1. The Debtors filed no opposition to the motion.

As cause to reopen, the Trustee stated that he had discovered that the Debtors were plaintiffs in a lawsuit they had failed to list on the Schedule of Assets they filed in their Chapter 7 case.[2] He asked that the case be reopened so that he could prosecute the claim and administer it for the benefit of the estate. Finding that this constituted good cause to reopen, the Court allowed the motion.

Then on November 4, 1993, the Debtors filed their motion to convert this case to one under Chapter 13,[3] together with a certificate of service indicating that the motion had been served on the Chapter 7 Trustee (among others). No objection having been filed, the Court allowed the motion on November 10, 1993. The Trustee represents, and the Court finds, that he did not receive a copy of the motion. Upon his receipt of the order allowing the motion, the Trustee promptly filed the present motion to reconsider. In view of the Trustee's lack of notice and his prompt request for reconsideration, the motion to convert should be reconsidered in light of the Trustee's objection to it.

### Motion to Convert

■ Conversion by the debtor of a case from Chapter 7 to another chapter of the Bankruptcy Code is governed by § 706(a) of the Bankruptcy Code, which states, in relevant part:

> The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if this case has not been converted under section 1112, 1307, or 1208 of this title.

11 U.S.C. § 706(a). The legislative history of this section indicates that where, as here, a case has not been converted to Chapter 7 from another chapter, this subsection affords the debtor "[the] one-[time] absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case." H.R.Rep. No. 595, 95th Cong., 1st Sess. 380 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 94 (1978). It further reveals that "[t]he policy of the provision is that the debtor should always be given the opportunity to repay his debts." *Id.*

The statute and legislative history use categorical language: "the debtor may convert ... *at any time*," "*absolute* right of conversion," and "the debtor should *always* be given the opportunity to repay his debts." Nonetheless, the right of conversion bestowed in § 706(a) is not unlimited. See *In re Spencer*, 137 B.R. 506, 510–14 (Bankr. N.D.Okl.1992) (section 706(a) permits conver-

---

2. The Debtors omitted their tort claim from their bankruptcy schedules. The Debtors and their counsel, Donald Kupperstein, deny that this was anything but an innocent oversight, but circumstances suggest that the omission may not have been innocent. The claim is not small or insignificant; Kupperstein stated at the hearing on this motion that it is worth much more than the Defendants' latest settlement offer of $10,000. Nor had the claim been out-of-mind when the Debtors filed their Chapter 7 petition and their Schedules and Statement of Financial Affairs. During the month or two before the Debtors filed their bankruptcy petition, the parties were conducting discovery, and the Superior Court issued a pretrial order. And three weeks after the bankruptcy filing, Kupperstein, who was representing the Debtors in the tort litigation as well as in the bankruptcy case, filed a certificate of readiness for trial in the tort action. ·Moreover, this was the Debtors' only asset of value to the estate, and it was a potential source of unencumbered funds for the Debtors, who were sorely in need of cash.

In support of their contention that the omission was not fraudulent, the Debtors and Kupperstein represent that they disclosed the existence of the claim to the Trustee at their first meeting of creditors, but the Trustee states that he has no recollection of such a disclosure. In fact, according to the defendants in the tort action, the Debtors did not even notify either them or the state court of their Chapter 7 filing. And after the bankruptcy filing, they proceeded in the tort action as if the action were theirs and not the estate's: Kupperstein filed his certificate of readiness for trial on March 5, 1992—before the meeting of creditors and the alleged disclosure of the tort claim to the Trustee.

The Chapter 7 Trustee has not raised this omission as a basis for relief in his motion for reconsideration, so the Court makes no ruling on whether the omission was fraudulent. But the above circumstances certainly give cause to consider whether the Debtors and their attorney, Mr. Kupperstein, acted with fraudulent intent, warranting perhaps revocation of the Debtors' discharge, 11 U.S.C. § 727(d), and assessment of sanctions against the Debtors and/or their counsel for violation of the automatic stay, 11 U.S.C. § 362(h).

3. The motion to convert consisted of only a request to convert the case to one under Chapter 13. The Debtors did not state any justification or argument for the relief they sought.

sion from Chapter 7 to Chapter 13 in the absence of extreme circumstances amounting to bad faith, imposition on the court's jurisdiction, abuse of process, or other gross inequity); *Matter of Martin*, 880 F.2d 857, 859 (5th Cir.1989) (courts refuse to interfere with right to convert in absence of extreme circumstances); and *In re Calder*, 93 B.R. 739, 740 (Bankr.D.Utah 1988) (conversion under § 706(a) to Chapter 13 denied pursuant to court's authority under 11 U.S.C. § 105(a) to prevent abuse of the bankruptcy process).

■ In this instance, conversion would constitute an abuse of the bankruptcy process, especially of Chapter 7 and of § 706(a). A Chapter 7 case involves a *quid pro quo:* debtors receive a discharge and, in exchange, make full disclosure about their financial affairs, especially their assets, and surrender their nonexempt assets to the trustee for liquidation and distribution among creditors. 11 U.S.C. § 521(1) and (4), § 704(1), and § 726(a). In this case, the Debtors received the benefit of their Chapter 7 case—their discharge—but failed to disclose what appears to be their only asset of value to creditors. And now that that asset has been discovered, they want to take it into Chapter 13 with them.[4]

The Court will not permit the Debtors to do this. Having received a discharge, they cannot now ignore their obligation to surrender their assets for the benefit of creditors. To permit a conversion to Chapter 13 at this point would be to tolerate a gross abuse of Chapter 7.

It would also be an abuse of the right of conversion under § 706(a). As the legislative history indicates, the purpose of that subsec-

tion is that "the debtor should always be given the opportunity to repay his debts." H.R.Rep. No. 595, 95th Cong., 1st Sess. 380 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 94 (1978). Where the Debtors have already received a discharge, it is clear that their purpose in converting to Chapter 13 is *not* to repay their debts. Rather, their purpose is to evade their obligations under Chapter 7.

The Court wants to make clear that it is not concluding that the Debtors do not have a right to relief under Chapter 13 of the Bankruptcy Code. They may commence a case under that chapter if they so desire.[5] What they may not do, now that they have received the benefits of Chapter 7, is terminate their Chapter 7 case before it has been fully administered. This means that they may not take the assets of their Chapter 7 estate, especially the tort claim, into Chapter 13 unless and until the Chapter 7 Trustee abandons them or they are deemed exempt. Therefore, if the Debtors do file a petition under Chapter 13, the tort claim will remain part of the Chapter 7 estate and, barring abandonment or exemption, will not become part of the Chapter 13 estate.

For these reasons, a separate order will enter allowing the Trustee's motion for reconsideration, vacating the order allowing the Debtors' motion to convert, and converting the case back to Chapter 7.

---

4. The First Circuit Court of Appeals recently held that where a debtor obtained relief under Chapter 11 of the Bankruptcy Code but concealed an asset—a cause of action—from his creditors, the debtor would be judicially estopped from pursuing the cause of action after the close of the Chapter 11 proceeding, even though the estoppel might result in a windfall to the defendant. *Payless Wholesale Distributors, Inc. v. Alberto Culver*, 989 F.2d 570 (1st Cir.1993). Invoking the *Payless* estoppel defense, the Defendants in the state court action have moved to dismiss the Debtors' claims against them. Especially in view of the circumstances described in footnote 2 above, this Court finds that the Defendants are likely to prevail on this defense. Of course, the Defen-

dants could not assert this defense against the Chapter 7 Trustee. In light of *Payless*, it appears likely that the Debtors' cause of action against the Defendants is of value only to the Chapter 7 estate, not to the Debtors themselves, their conversion to Chapter 13 notwithstanding.

5. Commencing a new case under Chapter 13 is different from converting their Chapter 7 case to Chapter 13. Conversion terminates the Chapter 7 case and its estate. Starting a new case under Chapter 13 leaves the Chapter 7 case, and its estate, in existence, thereby permitting the liquidation of the Chapter 7 assets to continue during the pendency of Chapter 13 case.