**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: JACOB FRAIDIN,
<u>Debtor.</u>

JACOB FRAIDIN,
<u>Plaintiff-Appellant,</u>

v.

No. 95-2922

ANDRE R. WEITZMAN,
<u>Defendant-Appellee,</u>

OFFICE OF THE UNITED STATES
TRUSTEE,
<u>Party-in-interest.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-95-1872-AMD, BK-92-5-2338-JS)

Argued: January 28, 1997

Decided: April 3, 1997

Before RUSSELL and WILKINS, Circuit Judges, and OSTEEN,
United States District Judge for the Middle District of North
Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jeffrey Allen Liesemer, DAVID, HAGNER, KUNEY & KRUPIN, P.C., Washington, D.C., for Appellant. Andre R. Weitzman, Baltimore, Maryland, for Appellee. **ON BRIEF:** Erik D. Bolog, DAVID, HAGNER, KUNEY & KRUPIN, P.C., Washington, D.C., for Appellant. George W. Liebmann, Baltimore, Maryland; Steven J. Potter, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Jacob Fraidin filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code. Ultimately, the bankruptcy court converted the proceeding to Chapter 7. Fraidin appealed the order of conversion, and the district court dismissed the appeal for lack of jurisdiction, but noted that if it had jurisdiction, it would have affirmed the bankruptcy court on the merits. We find that the district court did have jurisdiction and that the order of conversion to a Chapter 7 proceeding should be affirmed.

I.

Fraidin filed for bankruptcy protection under Chapter 11 in August 1991. On November 23, 1994, Andre R. Weitzman, one of Fraidin's creditors, filed a motion to convert the estate to Chapter 7 pursuant to 11 U.S.C. § 1112. Fraidin timely objected through counsel, after which his counsel of record was allowed to withdraw. On April 3, 1995, the bankruptcy court notified Fraidin that it would conduct a hearing on the motion for conversion on April 11. Fraidin moved to postpone the hearing, claiming that he had not had an opportunity to obtain replacement counsel, that he was unable to oppose the motion

2

without counsel, and that, in any event, he needed more time to pre-pare for the motion. During the scheduled hearing, the bankruptcy court denied Fraidin's motion for continuance, heard evidence and argument, and, finding that Fraidin had no ability to submit a viable reorganization plan, entered an order converting the case to Chapter 7.

Fraidin obtained counsel and moved for reconsideration. At the hearing on that motion, Fraidin argued that he had been denied a fair hearing because he had not received adequate notice and that Weitz-man had failed to carry his burden of showing that conversion was appropriate. Fraidin offered no evidence to indicate that confirmation of a plan was a realistic possibility. The bankruptcy court denied the motion for reconsideration, and Fraidin appealed to the district court.

Although the district court dismissed Fraidin's appeal for lack of jurisdiction, it noted that even if the order were properly appealable, the bankruptcy court had not committed any error. The district court first noted that any error in the notice to Fraidin of the hearing on the conversion motion was harmless because Fraidin failed to present any evidence at the hearing on the motion for reconsideration which would have altered the bankruptcy court's decision to order conver-sion. The district court also noted that the bankruptcy court did not abuse its discretion in converting the case from Chapter 11 to Chapter 7, reasoning that cause for conversion had been established based on Fraidin's failure to submit a viable plan during the four year pendency of the bankruptcy proceeding. Fraidin appealed the decision of the district court.

II.

As the appellee conceded at oral argument, the bankruptcy court's conversion order was immediately appealable. District courts have "jurisdiction to hear appeals from final judgments, orders, and decrees, . . . and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges." 28 U.S.C.§ 158(a). The conver-sion order may have been a final order under the relaxed standard for finality of bankruptcy court orders. In any event, the district court had jurisdiction under the collateral order doctrine. See In re Looney, 823 F. 2d 788, 791 (4th Cir. 1987) (bankruptcy court order was review-

3

able under collateral order doctrine where order"conclusively determine[d] the disputed question, resolve[d] an important issue completely separate from the merits of the action, and [would] be effectively unreviewable on appeal from a final judgment") (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978)). Thus, the district court had jurisdiction over the appeal.

III.

In order to convert a case from Chapter 11 to Chapter 7, a bankruptcy court must first determine that there is cause for the conversion. 11 U.S.C. § 1112(b); In re Superior Siding & Window, Inc., 14 F. 3d 240, 242-43 (4th Cir. 1994). Factors constituting cause are set forth in § 1112(b), which provides in relevant part that:

> Except as provided in subsection (c) of this section, on request of a party in interest or the United States trustee or bankruptcy administrator, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including --
>
> (2) inability to effectuate a plan.

11 U.S.C. § 1112(b). Once cause is established, the decision of whether to convert is left to the discretion of the bankruptcy court based upon the best interest of the estate and the creditors. Id.

The bankruptcy court relied upon Fraidin's inability to effectuate a plan as its basis for ordering conversion, and the record substantiates that finding. The trustee explained at length that Fraidin would not be able to obtain confirmation of a reorganization plan. Indeed, Fraidin has never submitted a plan for approval. The bankruptcy court did not abuse its discretion in converting the case to a Chapter 7 proceeding.

The record further demonstrates that any procedural deficiency in the notice of the hearing was harmless. Although Fraidin had more

4

than 20 days notice of the hearing on the motion to reconsider, he failed to bring to the court's attention at that hearing any new evidence of a viable plan.

Although the district court erred in finding no jurisdiction, we do not remand because the district court carefully made sufficient review of the merits of the appeal after its finding of no jurisdiction. Thus, the matter is appropriately before us as an appeal on the merits. For the foregoing reasons, the order of conversion of the Chapter 11 to a Chapter 7 proceeding is affirmed.

AFFIRMED

5