**In the Matter of Jolene Marie CARUSO, Debtor.**

**No. BK 00–82372.**

United States Bankruptcy Court, D. Nebraska.

Aug. 10, 2001.

Julie Frank, Omaha, NE, for debtor.

Kathleen Laughlin, Omaha, NE, Chapter 13 Trustee.

Robyn Loveland, Omaha, NE, for FNB–O.

James Polack, Omaha, NE, for Gerald Pecoraro.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held on July 16, 2001, on a Motion to Reconsider Conversion by Trustee, Resistance by Debtor and Motion to Join in Motion to Reconsider by First National Bank of Omaha, N.A. Appearances: Julie Frank as attorney for debtor, Robyn Loveland, as attorney for FNB–O, James Polack as attorney for Gerald Pecoraro and Kathleen Laughlin as Chapter 13 Trustee. This memorandum contains findings of fact and conclusions of law

required by Fed. R. Bankr.P. 7052 and Fed.R.Civ.P. 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

In this case, originally filed as a Chapter 7 case, shortly before the bar date for filing a complaint objecting to the dischargeability of a particular debt, an adversary proceeding objecting to the dischargeability of a debt was filed.

Prior to conversion and in conformance with local procedures, a Chapter 7 discharge was entered which discharged all pre-petition obligations of the debtor except that obligation which is the subject matter of the dischargeability proceeding.

The debtor claims certain real property located in Omaha, Nebraska, as her property on the petition date. The Chapter 7 Trustee, after investigating the actual interest of the debtor in the real property, gave notice to all parties in interest that he would sell the property to Gerald Pecoraro, brother of the debtor, for $5,000.00. That notice of intent to sell was filed on April 3, 2001. Filing No. 14. After the objection date had run without any objection having been filed, but prior to the closing of the sale, the debtor filed a Motion to Convert the Chapter 7 Case to Chapter 13. Filing No. 16. Such motion frustrated the ability of the trustee to sell the property, and the closing did not take place.

An order for relief under Chapter 13 was entered on May 2, 2001. Filing No. 17. On May 7, 2001, at Filing No. 18, the Chapter 13 Trustee filed a motion requesting the court to reconsider the order converting the case to Chapter 13. The trustee argues that this court has previously ruled that there is no statutory authority for converting the case to Chapter 13 after a discharge has already been entered in the Chapter 7 proceeding. First National Bank of Omaha and Gerald Pecoraro have joined in the motion by the trustee.

■ At the hearing on the motion, counsel for the debtor provided the court with several cases which permit conversion to Chapter 13 after a Chapter 7 discharge. These cases rely upon a literal reading of 11 U.S.C. § 706(a) which provides, "The debtor may convert a case under this chapter to a case under chapter 11, 12 or 13 of this title at any time, if the case has not been converted under section 1112, 1208 or 1307 of this title."

However, other courts take the position that if a discharge has been entered in Chapter 7, then conversion is inappropriate. *In re Jones*, 111 B.R. 674, 680 (Bankr.E.D.Tenn.1990). In *In re Jones*, the court stated: "the provisions of Section 706(a) allowing a Chapter 7 debtor to convert to Chapter 13 'at any time' must be limited to those situations where the debtor's Chapter 7 discharge has not been granted or has been revoked upon motion of the debtor." *In re Jones*, 111 B.R. at 680. Similarly, the bankruptcy court in *In re Jeffrey*, 176 B.R. 4 (Bankr.D.Mass.1994) stated: "Where the Debtors have already received a discharge, it is clear that their purpose in converting to Chapter 13 is *not* to repay their debts. Rather, their purpose is to evade their obligations under Chapter 7." *In re Jeffrey*, 176 B.R. at 6. The court went on to say:

A Chapter 7 case involves a *quid pro quo:* debtors receive a discharge and, in exchange, make full disclosure about their financial affairs, especially their assets, and surrender their non-exempt assets to the trustee for liquidation and distribution among creditors....Having received a discharge, they cannot ignore their obligation to surrender their assets for the benefit of creditors.

*Id.*

Other courts hold that allowing such a conversion is an abuse of the bankruptcy

system. *In re Marcakis,* 254 B.R. 77 (Bankr.E.D.N.Y.2000); *In re Lesniak,* 208 B.R. 902 (Bankr.N.D.Ill.1997) (adopting a brightline rule). The bankruptcy court in *In re Hauswirth,* 242 B.R. 95 (Bankr. N.D.Ga.1999), asserted that a "[d]ebtor's conversion to Chapter 13 before the Chapter 7 Trustee has completed the administration of the estate but after the discharge order is entered thwarts the proper operation of the Code." *In re Hauswirth,* 242 B.R. at 97. Another court, following the same reasoning, noted that it would be abuse of process to permit Chapter 7 debtors to convert to Chapter 13 post discharge, where the debtors' schedules were fraught with discrepancies. The debtor's motion to convert was not motivated by a desire to repay debts or provide greater dividends to creditors, but to save the property. *In re Lesniak,* 208 B.R. at 906.

In addition to the abuse of the system argument discussed above, courts also have reasoned that even though the statute, on its face, appears to allow a conversion at any time, a conversion after discharge makes no sense. The issuance of a discharge effectively means there are no longer any debts to pay. *In re Jones,* 111 B.R. at 680. The court stated, "Once the Chapter 7 discharge has been granted, the debtor's personal liability is extinguished, thus rendering conversion to Chapter 13 meaningless except as to those creditors holding nondischargeable claims." *Id.*

Additionally, the issue of good faith is often in question. In the present case, the only reason the debtor has converted to Chapter 13 is to avoid a determination of nondischargeability for fraud. The debtor listed certain real property as her own, when it is relatively clear that it is not hers. She mortgaged the property by asserting that the property belonged to her and, when a quiet title action as filed and the mortgage lender realized the true sta-

tus of the title, the mortgage or deed of trust was released. When the trustee asserted that the real property listed in the schedules, if it actually belonged to the debtor, was property of the estate, and attempted to sell the property to the debtor's brother who also claimed an ownership interest, then, and only then, did the debtor attempt this conversion to Chapter 13.

█ The motion to convert to Chapter 13 should have been denied. The motion to reconsider such conversion is granted. The conversion to Chapter 13 appears to have been done in bad faith and, even if such conversion is not in bad faith, it is bad public policy to permit a debtor to obtain the protection of the Bankruptcy Code, including the automatic stay and the discharge of most, if not all, all of the claims against the debtor, and then permit the debtor to proceed in Chapter 13, retaining all claimed property interests, and treating the potentially nondischargeable debt as a general unsecured claim with little or no payment from the Chapter 13 plan.

The motion to reconsider is granted. The case is reconverted to Chapter 7. The trustee is in place and may administer the assets that appear to be property of the Chapter 7 bankruptcy estate.