**In re Linda RIGALES, Debtor.**

**No. 7–01–13479 ML.**

United States Bankruptcy Court, D. New Mexico.

March 17, 2003.

Louis Puccini, Jr., Albuquerque, NM, for Debtor.

Philip Montoya, Albuquerque, NM, Chapter 7 Trustee.

## MEMORANDUM OPINION

MARK B. MCFEELEY, Chief Judge.

THIS MATTER is before the Court on Debtor's Motion to Convert Chapter 7 Case to a Case Under Chapter 13 of the Bankruptcy Code Pursuant to 11 U.S.C. § 706[1] filed on January 28, 2003 (the "Motion to Convert"). The Trustee filed an Objection to Debtor's Motion to Convert Chapter 7 Case to Chapter 13 Case on February 13, 2003 ("Objection to Motion to Convert"). The Debtor filed a brief in support of the Motion to Convert. After considering the Motion to Convert, the Objection to Motion to Convert, Debtor's brief and being otherwise fully informed and advised, the Court finds:

1. Linda Rigales (the "Debtor") was injured in an automobile accident on July 6, 1998. She sustained injury to her hearing and later became deaf. Sometime after the accident, the Debtor was terminated from employment at New Mexico State University. After engaging a personal injury attorney, she filed suit in New Mexico State Court.

2. Upon advice of her personal injury attorney, the Debtor retained a bankruptcy attorney. The Debtor filed a Chapter 7 petition on May 17, 2001. Philip Montoya (the "Trustee") was appointed Chapter 7 trustee. The Debtor listed the personal injury claim on schedule B of her petition.

3. On September 4, 2001, the Debtor received a Chapter 7 discharge of debts.

4. In July 2002, the Debtor's personal injury attorney asked her to attend a settlement conference, which included the Trustee. At this conference the Debtor first learned that the Trustee held her personal injury claim as an asset of the bankruptcy estate. The Debtor did not approve a settlement.

5. On November 7, 2002, the Trustee filed a Motion to Approve Compromise of Personal Injury Claim ("Motion to Approve Compromise"). Debtor filed an Objection to Motion to Approve Compromise of Personal Injury Claim ("Objection to Motion to Compromise").

6. On December 18, 2002, the Debtor's bankruptcy attorney filed a motion to withdraw as Debtor's counsel. On February 18, 2003, the Debtor's current counsel filed a notice of substitution of counsel.

7. On January 28, 2003, the Debtor filed the Motion to Convert. At a hearing on the Trustee's Motion to Compromise Controversy, in which the Trustee proposed acceptance of an offer to settle the personal injury claim, the Trustee voiced his objection to the Debtor's Motion to Convert arguing that the Debtor did not have an absolute right to convert under § 706(a) after the Chapter 7 discharge. The Court asked for a brief from the Debtor on the issue of postdischarge conversion. The Court issues this opinion on the legal issues raised by the Debtor's Motion to Convert as its findings of fact and conclusions of law pursuant to Fed. R. Bankr.P. 7052.

## DISCUSSION

The applicable provisions of Section 706 state:

(a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under

---

1. Unless otherwise noted, all future references are to Title 11 of the United States Code.

section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

. . .

(d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

11 U.S.C. § 706(a), (d).

## I. Debtor's Eligibility.

■ The Trustee first asserts that the Debtor is not eligible to be a Chapter 13 debtor under § 109(e) and so is precluded from conversion. The Trustee argues that the Debtor's sole source of income, monthly social security payments and food stamps, cannot qualify as regular income within the meaning of § 109(e). However, this type of income has been held sufficient to meet the regular income requirement of Chapter 13. *See e.g., Bibb County Dept. of Family & Children Services v. Hope (In re Hammonds)*, 729 F.2d 1391, 1395 (11th Cir.1984)(AFDC payments are regular income for Chapter 13 purposes); and *In re Murphy*, 226 B.R. 601, 605 (Bankr. M.D.Tenn.1998)(non-traditional sources of money, including social security benefits, can generate income for purposes of Chapter 13 eligibility). Therefore, the Debtor's income source does not disqualify her from converting her case to a Chapter 13 case.

## II. Conversion Procedure.

■ The Trustee next argues that the Debtor did not send out notice of the Motion to Convert as required by the bankruptcy rules of procedure. Bankruptcy Rule 1017(f) states:

Conversion or dismissal under § 706(a) . . . shall be on motion filed and served as required by Rule 9013.

Fed. R. Bankr.P. 1017(f)(2). Bankruptcy Rule 9013 states,

A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing. The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought. Every written motion . . . shall be served by the moving party on the trustee or debtor in possession and on those entities specified by these rules. . . .

Fed. R. Bankr.P. 9013. Bankruptcy Rule 2002(a) states:

(a) . . . the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors . . . at least 20 days notice by mail of:

. . .

(4) in a chapter 7 liquidation, . . . the hearing on the dismissal of the case or the conversion of the case . . .

Fed. R. Bankr.P.2002(a)(4).

Pursuant to § 706(a), the Debtor may convert a Chapter 7 case to a case under Chapter 13, "at any time." The rules, however, somewhat qualify the Debtor's right to convert by requiring a motion for an order and notice.

Some courts have cited the procedural requirements of motion and order to support a conclusion that the right to convert is not absolute. The court in *In re Ponzini*, 277 B.R. 399 (Bankr.E.D.Ark.2002) instructed the Debtor's attorney to serve notice of the Debtor's motion to convert from Chapter 7 to 13 with an opportunity to object. The court then concluded that Rules 1017(f) and 2002(a)(4), indicate that the substantive right to convert is not absolute, stating,

If the right to convert were absolute, there would be no need to file a motion, notify creditors, and have a hearing; those procedures would be useless and meaningless.

*Id.* at 405. The *Ponzini* court concluded that under this procedural scheme, conversion is a presumptive right, which should be granted only if the court finds it is appropriate under the Code.[2]

The Tenth Circuit has stated that the Federal Rules of Bankruptcy Procedure do not limit the right to convert; rather, they simply lay out the procedures to be followed to implement a conversion. *Calder v. Payne (In re Calder)*, 973 F.2d 862, 867 (10th Cir.1992). In *Calder*, the district court[3] held that a conversion from Chapter 7 to 13 becomes effective upon the entry of the order of conversion.[4] On appeal, Calder argued that because he had an absolute right to convert under § 706(a), the Chapter 13 conversion becomes effective upon the filing of his motion to convert, not 14 months later when the conversion order was entered. The Tenth Circuit disagreed stating, " '[t]he rule makers certainly intended that conversion of a chapter 7 case be accomplished by the entry of an order, not the mere service of notice of intent to request such an order.' " *Id.* quoting, *In re Dipalma*, 94 B.R. 546, 549 (Bankr.N.D.Ill.1988).

The Tenth Circuit affirmed the bankruptcy court and held that conversion becomes effective at the time the conversion order is entered. *Calder*, 973 F.2d at 867.

Under the holding in *Calder*, the Debtor must file a motion and give notice of the proposed conversion to interested parties with opportunity for objection and hearing prior to an order for conversion. Other courts agree. In *Starkey*, the bankruptcy court, citing *Calder* and the rules, concluded that conversions under the Bankruptcy Rules are effected by filing a motion to convert with notice of the motion or hearing to all parties, and only then, if appropriate, the court may enter an order of conversion. *In re Starkey*, 179 B.R. 687, 698 (Bankr.N.D.Okla.1995).[5]

■ This Court, bound by the Tenth Circuit's holding in *Calder*, recognizes that a debtor must follow these rules of procedure and file a motion to convert with notice. But the Court is mindful that procedural rules cannot limit the Debtor's substantive right to convert under § 706(a). Therefore, the only recognized bases for an objection must be limited to

---

2. *Accord, In re Oblinger*, 288 B.R. 781, 783 (Bankr.N.D.Ohio 2003)(stating that debtor has no unilateral right to convert from Chapter 7 to 13 by motion and notice, but must move for a court order of conversion).

3. After the bankruptcy court granted the conversion, the Utah district court withdrew the reference and decided the effective date of the conversion. *Id.* at 864 n. 3.

4. The bankruptcy court denied the debtor's Chapter 7 discharge, the debtor filed a motion to convert to a Chapter 13. Before the order converting the case was entered, a creditor executed on a state court judgment. The debtor argued that the conversion was effective when he filed the motion not when the order was entered some 14 months later. The order was delayed because the bankruptcy court had originally denied the motion to convert; the debtor appealed the denial, and obtained a reversal by the district court. Be-

cause the debtor did not move for a continuation of the stay after the denial of discharge, the creditor's actions were not in violation of the stay. *Id.* at 867.

5. *Accord, In re Young* 269 B.R. 816, 821 (Bankr.W.D.Mo.2001)(stating that when taken together, the rules make it clear that the mere filing of a notice of conversion is insufficient to effect a conversion and that an order is necessary; otherwise, the provisions for the filing of a motion and for notice and a hearing would be meaningless.); *In re Krishnaya*, 263 B.R. 63, 65 (Bankr.S.D.N.Y.2001) ("It is plain, from Rule 1017(f), that mere notice of conversion is insufficient . . ."); *In re Dipalma*, 94 B.R. at 549 ("The rule makers certainly intended that conversion of a Chapter 7 case be accomplished by the entry of an order, not the mere service of notice.").

the two recognized limitations in § 706(a). The statutory bases for denial of a motion to convert are 1) a previous conversion or 2) ineligibility for Chapter 13 under § 109(e).[6]

While the Court recognizes that the right to convert as outlined in the Code is subject to only two limitations, that does not mean that this Court agrees with the statutory scheme whereby a debtor, otherwise eligible to convert, can convert to a Chapter 13 after she has received a Chapter 7 discharge. In this case the Debtor has not given appropriate notice of her Motion to Convert; and therefore, the Court will keep the Motion to Convert under advisement pending until the notice period lapses. The Debtor shall send the notice of the Motion to Convert with a deadline to file objections of ten (10) days from the date of the notice. If no objection is filed, the Court will enter an order of conversion.

### III. Debtor's Right to Convert Post–Discharge.

■ Much controversy centers around whether a debtor, not limited by the statutory criteria, can convert under § 706(a) after a Chapter 7 discharge. The Debtor points to the plain language of § 706(a) and argues that she filed a voluntary Chapter 7 case and her case has not been previously converted; therefore, she has the absolute right to convert to a Chapter 13 even after the discharge has been entered in her Chapter 7 case. In addition to the language of the statute, the Debtor points to the legislative history which states Congress' intention to "give the debtor one absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case." House Report No. 95–595, 95th Cong., 1st Sess., at p. 308 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6336 (stating, that the debtor should always be given the opportunity to repay his debts).[7]

The Debtor asserts that pursuant to *Mason v. Young (In re Young)*, 237 F.3d 1168 (10th Cir.2001), this Circuit recognizes no limitations, other than statutory, on the debtor's right to convert under § 706(a). In *Young* the debtor owed Ronald Mason $300,000 punitive damages from a jury verdict in a wrongful discharge action in Oklahoma Federal District Court. Young filed a Chapter 7 bankruptcy, and Mason filed a non-dischargeability proceeding under § 523(a)(6). After Young obtained a Chapter 7 discharge, but before an adjudication in the nondischargeability proceeding, he moved to convert to Chapter 13. Mason objected and after a hearing, the case was converted. Later, Young's second amended plan, providing for a 4% payment to Mason over a period of 60 months was confirmed. *In re Francis Arthur Young, III*, No. BK–97–13747 LN, at 6–7 (Bankr.W.D.Okla. Apr. 28, 1998)(non-published).

Mason appealed the confirmation order to the Tenth Circuit Bankruptcy Appellate Panel (the "BAP"). *Mason v. Young (In re Young)*, 237 B.R. 791 (10th Cir. BAP 1999). Mason argued that the conversion after discharge can be a basis for a denial

---

**6.** This conclusion also harmonizes the Tenth Circuit's holding in *Young*, discussed *infra*, holding that the right to convert is absolute, with *Calder*, requiring a motion and order to convert.

**7.** *See also*, Senate Report, No. 95–989, 95th Cong., 2nd Sess., at 94, reprinted in 1978 U.S.C.C.A.N. 5787, 5880. *Cf In re Starkey*,

179 B.R. at 694 (noting "at any time" does not mean "under any circumstances" and that when legislative history is read as a whole, the language does not purport to infringe on basic judicial power and responsibility to discourage abuse of the bankruptcy process).

of confirmation. The BAP held that the conversion order was a final order appealable within 10 days of entry; and because Mason appealed only the confirmation order, the propriety of the conversion was not properly before the BAP on appeal. *Id.* at 795. The BAP stated, "[a]lthough Mason frames his argument by questioning whether Young may receive two discharges in the same case, in substance, he is making a collateral attack on the bankruptcy court's Conversion Order, which permitted Young's conversion of his Chapter 7 case to a Chapter 13 case." *Id.* The BAP then affirmed the bankruptcy court's confirmation order without ruling on the propriety of a post-discharge conversion from Chapter 7 to 13 because the appeal of the conversion order was untimely. *Id.* at 803.

Mason appealed to the Tenth Circuit, where the holding was affirmed, but on different grounds. *Mason v. Young (In re Young),* 237 F.3d 1168 (10th Cir.2001). The Tenth Circuit reviewed *de novo* the finality and timeliness determination of the BAP and disagreed with the BAP that the conversion order itself was a final appealable order. The Court held that the conversion order was not a final appealable order until the ruling on confirmation of the Chapter 13 plan; therefore, the conversion was part of Mason's appeal. *Id.* at 1173.[8] Under this reasoning, the Court reviewed the propriety of the conversion as well as the confirmation stating, "as a general matter the Bankruptcy Code and most courts are clear regarding the permissibility of such conversions. 'The debtor may convert a case under [Chapter7] to

a case under chapter ... 13 of this title at any time.' " *Id.* (quoting, § 706(a)). The Court recognized that there is potential for abuse of the bankruptcy process in these types of conversions. However, the Court reasoned that in the confirmation process, a court can deal with such abuses when evaluating a plan under the good faith standard of § 1325 and the other factors as enumerated in the *Flygare* case.[9] The Court affirmed the confirmation of Young's plan. *Id.* at 1178.

The Tenth Circuit determined that an order converting a case from Chapter 7 to 13 is not a final appealable order. Other courts have found that orders of conversion are final appealable orders. *In re Fraidin* 188 B.R. 529 (D.Md.1995), *aff'd on other grounds, In re Fraidin,* 110 F.3d 59, 1997 WL 153826 at *1 (4th Cir.1997) (unpublished) (stating that the district court had appellate jurisdiction over the conversion to Chapter 7). Orders denying a conversion from Chapter 7 to Chapter 13 pursuant to § 706(a) are final orders. *See generally, Kuntz v. Shambam (In re Kuntz),* 233 B.R. 580, 580–81 (1st Cir. BAP 1999)(noting jurisdiction over conversion orders and the need for a more flexible standard when examining finality of bankruptcy orders); and *Finney v. Smith (In re Finney),* 141 B.R. 94, 97 (E.D.Va.1992)(stating that whether debtor has an absolute right to convert to a Chapter 13 is a legal question subject to *de novo* review.), *aff'd as modified,* 992 F.2d 43, 44 (4th Cir.1993)(same). Orders granting conversion from Chapter 7 to Chapter 13 are likewise final and appealable. *Cabral v. Shamban (In re Cabral),* 285 B.R.

---

**8.** The Circuit Court stated that the BAP "erred in applying the reasoning of a Chapter 7 conversion (which is a final order) to a conversion under Chapter 13 and should have allowed Mason to appeal the bankruptcy court's decision to permit the 'Chapter 20'

conversion within ten days of the court's confirmation of Young's Chapter 13 plan." *Id.*

**9.** *Flygare v. Boulden (In re Flygare),* 709 F.2d 1344, 1347–48 (10th Cir.1983)(outlining several factors to consider in confirming a Chapter 13 plan).

563, 571 (1st Cir. BAP 2002), citing, *Kuntz, supra.*

Under the Tenth Circuit's ruling in *Young,* an eligible debtor has an unequivocal right to convert under § 706(a).[10] According to the Tenth Circuit, "[t]he provisions of 11 U.S.C. § 1325 ensure that a Chapter 13 plan arising out of a conversion from Chapter 7 will be properly scrutinized by the bankruptcy court before the plan is confirmed, mitigating the danger of abuse." *Id.* at 1174.[11]

This Court agrees that under the language of *Young, supra,* a debtor may convert his bankruptcy from a Chapter 7 to a Chapter 13 "at any time." But, due to the nature of the bankruptcy process, the plan confirmation process upon which the *Young* court relies may not provide a satisfactory cure for abuses of the conversion process. For example, in a Chapter 7 asset case all of a debtor's nonexempt property is liquidated by the trustee for equitable distribution among the creditors. 11 U.S.C. § 704. When a case is converted to Chapter 13 before liquidation, the Chapter 7 estate ceases to exist and becomes instead, the debtor's property in Chapter 13. When a debtor converts to Chapter 13 after the Chapter 7 discharge, but before the estate property is liquidated, he has received all of the benefits of Chapter 7 without any of the burdens, because he regains his nonexempt property, and his debts have all been discharged.

*In re Jeffrey,* 176 B.R. 4, 6 (Bankr.D.Mass. 1994). Commencing a new case under Chapter 13, after a Chapter 7 case, is vastly different from a conversion to a Chapter 13. *Id.* Starting a new Chapter 13 case leaves the Chapter 7 estate undisturbed, permitting the liquidation of the Chapter 7 assets to continue. *Id.* at 6 n. 5. The debtor then pays any new or nondischargeable debt according to his Chapter 13 plan.

Another reason why a post-discharge conversion cannot be rectified by the plan confirmation process is that most of the debts do not survive the Chapter 7 discharge to be administered in the Chapter 13 reorganization. All dischargeable debts are wiped out by the Chapter 7 discharge. Those creditors' claims are wiped out and, therefore, are not included in the Chapter 13 plan. Those creditors have no standing to object to the provisions of the plan and are left with nothing; their debts are discharged, and no property has been sold to satisfy at least a percentage of their claims. Creditors subjected to this outcome understandably loose confidence in the fairness of the bankruptcy system. Moreover, this outcome goes against the stated policy behind § 706(a) to provide the debtor with, "the opportunity to repay his debts, ..." Senate Report No. 95–989, 95th Cong., 2nd Sess., at 94, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5880.[12] A debtor who takes advantage of a

---

**10.** As in *Young,* many courts hold that under the plain language of the statute, conversion to a Chapter 13 is allowed after a Chapter 7 discharge. *See e.g. Street v. Lawson (In re Street),* 55 B.R. 763, 765 (9th Cir. BAP 1985); *In re Mosby,* 244 B.R. 79, 83–84 (Bankr. E.D.Va.2000); *In re Porras,* 188 B.R. 375, 377 (Bankr.W.D.Tex.1995)(all finding that "at any time" under § 706(a) includes post-discharge conversions).

**11.** The Circuit Court considered the motion and notice requirements of Rules 1017(f) and

2002(a) as perfunctory in the face of an unqualified right to convert. *Id.*

**12.** Congress' preference for debt repayment is reiterated in the House Report:

The premises of the bill with respect to consumer bankruptcy are that use of the bankruptcy law should be the last resort; that if it its used, debtors should attempt repayment under chapter 13 ...

H.R.Rep. No. 595, 95th Cong., 2d Sess. 118, reprinted in, 1978 U.S.C.C.A.N. 5963, 6078

postdischarge conversion does not pay the debts that have been discharged. Only the nondischargeable and secured debts, kept current, are repaid in a Chapter 13 case converted after a Chapter 7 discharge. Debtors are required to pay those creditors holding non-dischargeable debts only as much as they would be entitled to in a Chapter 7. 11 U.S.C. § 1325(a)(4). The creditors with discharged debts, who would otherwise be paid from the liquidation of the Chapter 7 estate, are left with nothing. "Debtor's conversion to Chapter 13 before the Chapter 7 Trustee has completed the administration of the estate but after the discharge order is entered thwarts the proper operation of the Code, as it interrupts the complete administration intended by Congress." *In re Hauswirth*, 242 B.R. 95, 96 (Bankr. N.D.Ga.1999). In this Court's opinion, Congress did not intend such an outcome. *See In re Marcakis*, 254 B.R. 77, 82 (Bankr.E.D.N.Y.2000)("To permit a discharged debtor to convert his Chapter 7 case to a Chapter 13 case is ludicrous as Debtor no longer has any meaningful debts to repay pursuant to a Chapter 13 plan and the discharged creditors no longer have any right to either receive payment or object to confirmation of any plan proposed by the debtor."); and *In re Jeffrey*, 176 B.R. at 6 (stating that when the Debtors have already received a discharge, their purpose in converting to Chapter 13 is not to repay their debts, but to avoid their obligations under Chapter 7).

Only a pre-discharge conversion implements Congress' stated policy to encourage repayment of debts in Chapter 13. In light of *Young*, Congress should change the language of § 706(a) and qualify the right to convert eliminating post-discharge conversions from Chapter 7 to 13 in order to fully administer a bankruptcy estate in

Chapter 7 once a discharge has been entered. Gaining the benefits of Chapter 7 without the burdens, is an abuse of the bankruptcy process.

In the face of the current statutory language, courts have dealt with these types of conversions under § 706(a) in different ways to prevent abuse. What has resulted is a hodge podge of decisions in which many courts, using different standards and approaches, attempt to address the inequities of a post-discharge conversion. Some courts deny conversion to a Chapter 13 after a Chapter 7 discharge only in "extreme circumstances." *See e.g. Cabral*, 285 B.R. at 575 (1st Cir. BAP 2002)(holding conversion may be denied in "extreme circumstances" such as subjective bad faith, where conversion would be objectively futile or result in an abuse of process, or some other gross inequity); *In re Martin*, 116 F.3d 480 (8th Cir.1997) *aff'g Martin v. Cox (In re Martin)* 213 B.R. 571, 573 (E.D.Ark.1996)(debtor's bad faith in filing Chapter 7 petition and legal manipulations in efforts to convert, constituted "extreme circumstances," sufficient to support denial of debtor's motion); *Kuntz v. Shambam (In re Kuntz)*, 233 B.R. 580, 585 (1st Cir. BAP 1999)(court can deny conversion in extreme circumstances constituting bad faith; *In re Krishnaya*, 263 B.R. 63, 69 (Bankr.S.D.N.Y.2001) (denying conversion only for lack of statutory qualification or extreme circumstances). This approach seems to be the majority rule among bankruptcy courts. *See In re Young*, 269 B.R. at 824 (stating that a review of recent rulings on this issue reveals a larger number of courts denying right to convert when "extreme circumstances" are present). This approach is grounded in the court's inherent power and duty to avoid abuse of process. In *Jeffrey*, the court

(1977), quoted in *Martin v. Martin (In re Mar-*      *tin)*, 880 F.2d 857, 859 (5th Cir.1989).

denied conversion to a debtor seeking to convert from Chapter 7 to 13 after concealing a tort claim asset from the trustee. The court stated that these types of conversions constitute an abuse of the bankruptcy process,

> "A chapter 7 case involves a quid pro quo: debtors receive a discharge and, in exchange, make full disclosure about their financial affairs, especially their assets, and surrender their nonexempt assets to the trustee for liquidation and distribution among creditors.... Having received a discharge, they cannot now ignore their obligation to surrender their assets for the benefit of creditors...."

*Jeffrey,* 176 B.R. at 6.[13]

Other courts deny conversion if the debtor lacks good faith. *In re Young,* 269 B.R. at 825 (holding that one of the factors to be considered in allowing conversion is whether conversion was sought in good faith); *In re Pakuris,* 262 B.R. 330, 335 (Bankr.E.D.Pa.2001)(conversion for a Chapter 13 case must be sought in good faith since bankruptcy court can reconvert for cause under § 1307(c)); *In re Thornton,* 203 B.R. 648, 652 (Bankr.S.D.Ohio 1996)(conversion denied where evidence supported debtor's lack of good faith).

Some court have combined standards. *Marcakis,* 254 B.R. at 83 ("[t]o convert this case to a Chapter 13 at this time would be a futile act, and not in the best interest of creditors nor in furtherance of the public policy underlying Chapter 13"). *In re Spencer,* 137 B.R. 506, 511 (Bankr.N.D.Okla.1992)(conversion subject to review for bad faith, abuse of the court's

jurisdiction or process, for gross inequity, or similar ground).

Some courts deny all post-discharge conversions under § 706(a). In *In re Lesniak,* 208 B.R. 902 (Bankr.N.D.Ill.1997), the court imposed "a bright-line rule" to prohibit conversions from Chapter 7 to Chapter 13 if the request is made after the Chapter 7 discharge is entered. The court concluded that conversion after entry of the Chapter 7 discharge would constitute an abuse of the bankruptcy process. *See also, Hauswirth,* 242 B.R. at 96 (reviewing *sua sponte* conversion from Chapter 7 to 13, court stated, "[t]o collapse the two proceedings into one ... is inimical to the structure of the Bankruptcy Code. Debtor's conversion to Chapter 13 before the Chapter 7 Trustee has completed the administration of the estate but after the discharge order is entered thwarts the proper operation of the Code[.]"); *In re Jones,* 111 B.R. 674, 680 (Bankr.E.D.Tenn.1990)(stating that right to convert under § 706 must be limited to those situations where the debtor's Chapter 7 discharge has not been granted or has been revoked upon motion of the debtor). The bright-line rule of *Lesniak* is the better rule, and the one that this Court would adopt if not for the constraints of *Young.*

In this case the Debtor filed accurate schedules, showed regular income, and properly reported her personal injury claim as an asset in the Chapter 7. The Debtor asserts that her motivation in seeking conversion is to regain control of her personal injury claim. Therefore, this Court, bound by the plain language of § 706(a), as interpreted by the Tenth Cir-

---

**13.** The *Jeffrey* court made clear that the debtors do have a right to Chapter 13 relief by filing a new Chapter 13 case, if they are eligible. They could then go forward with their nonexempt assets in Chapter 13. However, the Chapter 7 estate would remain viable containing all the debtors non-exempt pre-Chapter 7 property to be divided among creditors in the Chapter 7. *Id.*

cuit, must afford the Debtor the right to convert even after she has received a Chapter 7 discharge.

In an appropriate case, perhaps the Tenth Circuit will revisit this issue. Failing that, it is up to Congress to rectify the problem.

> The Code ... is full of examples of statutes which work less well in practice than Congress anticipated they would when the language was being developed by staffers and debated in committees. No doubt, the "one time right to convert" found in section 706(a) is one such statute, inviting as it does strategic maneuvering to avoid unpleasantness (or worse). It devolves to a court to make statutes fit in practice, which is why published judicial decisions are so important even in areas heavily fleshed out by statute or code. But courts exercising that authority must always be mindful of their limits.... For the courts, the greatest temptation is to "fix" statutes with judicial decisions having the force of law. It is a temptation which must be avoided, ...

*Porras,* 188 B.R. at 378–79 (citations omitted).

It is ordered that the Debtor's Motion to Convert Chapter 7 Case to a Case Under Chapter 13 of the Bankruptcy Code Pursuant to 11 U.S.C. § 706(a) remains under advisement until the notice period has expired. An appropriate order will be entered in accordance with this opinion.