**In re Edith Helga BEATTY, Debtor.**

**Edith Helga BEATTY, Appellant,**

v.

**Vera TRAUB, Appellee.**

BAP Nos. CC–92–1569–PVH, CC–92–1665–PVH.

Bankruptcy No. LA88–52124–SB.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Sept. 22, 1993.

Decided Jan. 12, 1994.

Sean D. Beatty, Long Beach, CA, for debtor/appellant.

Eric P. Israel, Los Angeles, CA, for appellee.

Before PERRIS, VOLINN and HAGAN,[1] Bankruptcy Judges.

## *OPINION*

PERRIS, Bankruptcy Judge:

The debtor, Edith Helga Beatty, requested dismissal of her Chapter 13 case following the bankruptcy court's oral decision granting a motion to convert but prior to the entry of a written order. The bankruptcy court entered orders vacating the dismissal nunc pro tunc and entered an order converting the case. The debtor appeals. We REVERSE the bankruptcy court's decision.

## FACTS

In 1979, the appellee, Vera Traub, sued the debtor and her husband, Wilbur Beatty, in state court. The state court ruled that Wilbur, but not the debtor, was liable and entered a $132,000 judgment against Wilbur in 1983.

The debtor filed a Chapter 13 petition and Wilbur filed a Chapter 7 petition on May 6, 1988. Traub filed a proof of claim in the debtor's case.[2] In October of 1991, the bankruptcy court entered an order sustaining Traub's objection to the debtor's Chapter 13 plan and requiring the debtor to file an amended plan. The debtor apparently did not file an amended plan and on November 5, 1991, Traub filed a motion to convert the debtor's case to Chapter 7 and consolidate it with Wilbur Beatty's case. The hearing on the motion was continued three times. Notices of the motion and the hearing continuances were served on the debtor's attorney

---

1. Honorable Alfred C. Hagan, Bankruptcy Judge for the District of Idaho, sitting by designation.

2. The bankruptcy court determined that Traub holds an allowed community claim of approximately $195,000 against the debtor's estate.

of record, Michael Lash of the firm of Hanover & Schnitzer, but were not served directly on the debtor herself.[3]

At the April 6 hearing on the motion to convert, attorney William Brownstein and attorney Sean Beatty appeared on behalf of the debtor although neither had been substituted in as counsel of record. The bankruptcy court orally granted the motion to convert. Before the court signed a written order or entered the order on the docket, however, the debtor filed an application for voluntary dismissal of her case under 11 U.S.C. § 1307(b).[4] Pursuant to the application, the bankruptcy court entered an order dismissing the case on April 13, 1992.

Traub filed a motion for reconsideration of the dismissal order. By an order entered May 20, 1992, the bankruptcy court granted Traub's motion, vacating the dismissal and directing the docket clerk to enter the previously signed order converting the case. BAP No. CC–92–1569–PVH is the debtor's appeal from the order vacating the dismissal. On June 2, 1992, the bankruptcy court entered an order converting the debtor's case to Chapter 7 effective April 6, 1992 and substantively consolidating the case with Wilbur Beatty's Chapter 7 case. BAP No. CC–92–1665–PVH is the debtor's appeal of the conversion order.[5]

## ISSUES [6]

1. Whether this appeal should be dismissed on the grounds of mootness.

2. Whether the bankruptcy court committed reversible error in setting aside the dismissal of the debtor's Chapter 13 case when the debtor filed a request for dismissal after the oral ruling but before entry of a written order converting the case.

## STANDARD OF REVIEW

The Panel reviews an order converting a bankruptcy case for cause for an abuse of discretion. *In re Johnston,* 149 B.R. 158, 160 (9th Cir. BAP 1992). Similarly, a decision on a motion to vacate a bankruptcy court's judgment or order is reviewed for an abuse of discretion. *In re Hammer,* 112 B.R. 341, 345 (9th Cir. BAP 1990), *aff'd,* 940 F.2d 524 (9th Cir.1991). A bankruptcy court abuses its discretion if it bases its ruling upon an erroneous view of the law or a clearly erroneous assessment of the evidence. *In re Rainbow Magazine, Inc.,* 136 B.R. 545, 550 (9th Cir. BAP 1992). The Panel also finds an abuse of discretion if it has a "definite and firm conviction the court below committed a clear error of judgment in the conclusion it reached. . . ." *In re Tong Seae (U.S.A.), Inc.,* 81 B.R. 593, 597 (9th Cir. BAP 1988), quoting *Mission Indians v. American Management,* 824 F.2d 710, 724 (9th Cir. 1987).

## DISCUSSION

1. *Mootness.*

Traub moves to dismiss these appeals on the grounds of mootness, contending that the actions taken in reliance on the appealed orders and the change in circumstances occasioned by the debtor's failure to obtain a stay pending appeal makes effective relief impossible or, at the very least, inequitable.[7] The debtor contends that the appeal is not moot

3. The declaration of service with respect to the notice of the final continuance to April 6, 1992, reflects that it was sent to "Edith Helga Traub" at the debtor's address. That notice did not indicate what matters were scheduled for hearings. The other pertinent notices were sent to the debtor's attorney and not to the debtor.

4. All section references are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.,* unless the context indicates otherwise.

5. On October 20, 1992, the Panel entered an order consolidating these two appeals.

6. An additional issue raised and briefed by the parties is whether the bankruptcy court committed reversible error in ordering conversion of the case to Chapter 7 when notice of the motion to convert was served upon the debtor's attorney of record, but not the debtor. We need not and do not address this issue because we determine that the bankruptcy court's orders must be reversed under 11 U.S.C. § 1307(b).

7. Traub also contends that the debtor's unclean hands should bar prosecution of these appeals. Even if this contention was a basis for barring appeals in the bankruptcy context, Traub has not established sufficient egregious conduct on the part of the debtor.

because the mootness doctrine only applies to appeals of orders permitting the sale of estate property.[8]

Under general mootness principles, an appeal becomes moot when the appellant fails to obtain a stay pending appeal and events occur which prevent the court from fashioning effective relief. *See, e.g., Algeran, Inc. v. Advance Ross Corp.*, 759 F.2d 1421, 1424 (9th Cir.1985). Effective relief is impossible if funds have been disbursed to nonparties or if the failure to obtain a stay has permitted such a comprehensive change of circumstances as to make it inequitable to consider the merits of the appeal. *E.g., In re Blumer*, 66 B.R. 109, 113 (9th Cir. BAP 1986), *aff'd without op.*, 826 F.2d 1069 (9th Cir.1987).

Although the principle of mootness in bankruptcy is most often applied in the context of orders permitting the sale of property to good faith purchasers, *see, e.g., In re Onouli–Kona Land Co.*, 846 F.2d 1170 (9th Cir.1988), it is not limited to that context. *See In re Roberts Farms, Inc.*, 652 F.2d 793, 797–98 (9th Cir.1981) (mootness applied to orders confirming a plan of reorganization if the plan has been substantially implemented); *In re Universal Farming Industries*, 873 F.2d 1334, 1335 (9th Cir.1989) (where the issue on appeal directly involves reorganization of the debtor's estate, dismissal of the bankruptcy case will moot the appeal). Thus, the debtor's contention that the appeal is not moot because the order did not permit the sale of property is unpersuasive. Although the debtor requested a stay pending appeal from the bankruptcy court and this Panel, neither court granted the relief, which opens the door to the mootness inquiry. *See Roberts Farms*, 652 F.2d at 798 (the obligation is on the appellant to pursue all available remedies to obtain a stay, even to the extent of applying to the Circuit Justice under Supreme Court Rule 51).

In this case, Traub has not established a sufficient change of circumstances in reliance on the conversion order to prevent effective relief or to render it inequitable for us to hear this appeal. There is no indication that funds have been disbursed or that property has been sold to third parties in reliance on the conversion order. The fees incurred by Traub in the administration of the Chapter 7 during the pendency of this appeal do not constitute a sufficient change of circumstances or create such equitable problems as to result in mootness because there is no indication that Traub has a right to recover fees incurred as a result of these acts whether the conversion order is reversed or not. The dismissal of the fraudulent conveyance action is not an event which renders these appeals moot because there is no indication that the dismissal occurred in reliance on the conversion order. The most troublesome actions are those taken by the trustee in administering the Chapter 7 case because the need for those actions arose from the conversion order. Nevertheless, in the absence of any transfers of property or disbursements of funds, we do not find that the actions of a trustee in administering the Chapter 7 estate constitute a sufficient change of circumstances to render this appeal moot.

2. *Effect of Debtor's Dismissal Request after the Oral Ruling to Convert the Case to Chapter 7.*

Section 1307(b) provides, in pertinent part, as follows:

On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter.

Section 1307(c) provides, in pertinent part, that on request of a party in interest other than the debtor, the court may convert a Chapter 13 case to Chapter 7 for cause.

The debtor contends that the bankruptcy court erred in setting aside the dismissal of her case and entering the order of conversion, because she has an absolute right to voluntarily dismiss her petition under section 1307(b) prior to the entry of an order con-

---

8. The debtor also contends that Traub should be sanctioned for filing a frivolous motion to dismiss. Although we reject Traub's arguments we do not find them wholly without merit. We, therefore, deny the debtor's request for sanctions.

verting the case.[9] Traub contends that a bankruptcy court is not required to grant a debtor's request for voluntary dismissal made after the court orally granted the motion to convert a case to Chapter 7 and that, in any event, a bankruptcy court has authority to grant a pending motion to convert in the face of a Chapter 13 debtor's request for voluntary dismissal.

Courts are divided on the issue of whether a bankruptcy court has discretion to grant a pending motion to convert a case for cause when the debtor has filed a request for voluntary dismissal under section 1307(b). A number of courts have determined that in such circumstances, a debtor's right to voluntarily dismiss his or her Chapter 13 case is absolute and that bankruptcy courts have no discretion to convert a case. *See, e.g., In re Gillion,* 36 B.R. 901 (E.D.Ark.1983). Other courts have held that bankruptcy courts have authority to grant a pending motion to convert a Chapter 13 case in the face of the debtor's competing request for dismissal. *See, e.g., In re Gaudet,* 132 B.R. 670 (D.R.I. 1991); *see also In re Graven,* 936 F.2d 378, 384–385 (8th Cir.1991) (construing the similar provisions of section 1208). These courts reason that harmonizing section 1307(b) and 1307(c) leads to the conclusion that Congress could not have intended to allow the debtor to thwart a creditor's right to request conversion for cause by an unfettered power to voluntarily dismiss the case when faced with a conversion motion. *Gaudet,* 132 B.R. at 676; *In re Vieweg,* 80 B.R. 838, 841 (Bankr. E.D.Mich.1987).

▮▮▮▮ The better reasoned view is that a court must dismiss the case upon the debtor's request for dismissal under section 1307(b) if that request is made prior to the effective time of an order converting the case to Chapter 7. This view comports with the plain language of section 1307(c) which states that the court "shall" dismiss the case upon the debtor's request as well as the purposes of Chapter 13 and the voluntary nature of relief under that Chapter. *See, e.g., Gillion,* 36 B.R. at 904–05; *see also In re Nash,* 765 F.2d 1410, 1413 (9th Cir.1985) (stating in another context that a Chapter 13 debtor has an absolute right to dismiss his case). The pertinent question, therefore is whether the conversion was effective upon the court's oral ruling so as to preclude the debtor's right to dismiss the case on a subsequent request or whether conversion was not effective until the filing, signing or entry of an order of conversion.[10]

We determine that the conversion is not effective upon the oral ruling. Various rules of procedure recognize that the effective and operative date of an order is the date of entry into the docket. For example, Fed. R.Bankr.P. 9021 and Fed.R.Civ.P. 58 provide that a judgment (which is defined by Fed. R.Bankr.P. 9001(7) and 9002(5) to mean any appealable order) is effective upon entry on the docket. The time for filing a notice of appeal under Fed.R.Bankr.P. 8002(a) or a motion for a new trial under Fed.R.Bankr.P. 9023 and Fed.R.Civ.P. 59 commences upon the entry of an order. Under Fed.R.Civ.P. 62(a), as made applicable by Fed.R.Bankr.P. 7062 and 9014, the entry of a judgment or order triggers the right to execute upon or enforce that judgment or order. Given that the rules consistently rely upon the entry of the judgment or order as the effective date for the consequences of the judgment or order, we decline to decide that conversion is effective upon oral ruling for purposes of

---

**9.** The debtor contends that the bankruptcy court lacked jurisdiction following the dismissal to reconsider the dismissal order or enter the conversion order. As this is clearly a core matter under 28 U.S.C. § 157(b) that is within the scope of federal bankruptcy jurisdiction under 28 U.S.C. § 1334, this is not an issue of jurisdiction. Rather, it is a question of whether the pertinent statutory provisions compelled the court to act in a certain manner.

**10.** The Ninth Circuit recently determined that the filing and signing of an order appointing a trustee was sufficient to trigger the running of the statute of limitations under 11 U.S.C. § 546(b). *In re San Joaquin Roast Beef,* 7 F.3d 1413 (9th Cir.1993). We need not address whether, under *San Joaquin Roast Beef,* the signing date and/or the filing date of the order would control over the subsequent date of entry on the docket as the effective date of conversion because, in any event, the conversion order was not filed or signed until after the debtor requested dismissal.

determining whether a debtor retains his or her right to dismiss a Chapter 13 case.

This reasoning is consistent with the only authority addressing this issue. In *In re Rebeor*, 89 B.R. 314, 321 (Bankr.N.D.N.Y. 1988), the bankruptcy court denied a motion to set aside an order dismissing a Chapter 13 case on the basis of the debtor's request for dismissal filed after an oral ruling converting the case. The court determined that because the order converting the case was a final appealable order, under Fed.R.Bankr.P. 9021 it is effective when entered on the docket as provided in Fed.R.Bankr.P. 5003.

To hold that the conversion order is effective when the court orally rules would potentially adversely affect administration of bankruptcy estates. In a case converted to Chapter 11, it would potentially shorten the limited time available under sections 1110(a)(1), 1121(b) and 1121(c). See § 348(b). A trustee would arguably be discharged upon pronouncement of the court's conversion decision even though the successor trustee would not be appointed until the court entered the conversion order, thus leaving a potential gap with no trustee. See § 348(e).

We determine that the court's oral ruling on the conversion motion did not terminate the debtor's absolute right to dismiss her Chapter 13 case. The bankruptcy court, therefore, committed legal error and abused its discretion in granting Traub's motion to set aside the dismissal and in entering the order converting the case to Chapter 7.

## CONCLUSION

For the reasons set forth above, we deny Traub's motion to dismiss these appeals and REVERSE the bankruptcy court's orders setting aside the dismissal of the Chapter 13 case and converting the case to Chapter 7.