CLEARSTORY & COMPANY

and

The Cordish Company, Appellants,

v.

John F. BLEVINS, Appellee.

No. JFM–98–2169.

United States District Court,
D. Maryland,
at Baltimore.

Sept. 2, 1998.

---

John F. Carlton, Whiteford, Taylor & Preston, Baltimore, MD, for Appellants.

Curtis C. Coon, Ronald Jay Drescher, Baltimore, MD, for Appellee.

Ellen W. Cosby, Baltimore, MD, Chapter 13 Trustee.

## MEMORANDUM

MOTZ, Chief Judge.

This bankruptcy appeal presents the question of whether a chapter 13 debtor has an absolute and unqualified right to dismiss his chapter 13 bankruptcy case after a creditor has filed a motion to convert the case to chapter 7 and made allegations that the chapter 13 filing was made in bad faith. There is a clear split of authority on the issue. *Compare In re Beatty,* 162 B.R. 853 (9th Cir. BAP 1994), *and In re Harper–Elder,* 184 B.R. 403 (Bankr.D.D.C.1995), *with Molitor v. Eidson (In re Molitor),* 76 F.3d 218, 220 (8th Cir.1996), *and In re Zarowitz,* 36 B.R. 906, 908 (Bankr.S.D.N.Y.1984).

Resolution of the question turns upon the language of 11 U.S.C. section 1307(b) and 11 U.S.C. Section 1307(c). Those sections provide as follows:

(b) On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

(c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate for cause ...

Section 1307(b) is unequivocal in stating that the debtor may request dismissal "at any time" and that when such a request is made, the court "shall" dismiss the case. Following the apparent mandate of this section, the bankruptcy court here held that the debtor, John Blevins, had an absolute right to dismiss his chapter 13 case despite the fact that two affiliated creditors, Clearstory & Company and the Cordish Company (collectively "Clearstory"), had filed a motion to convert in which they alleged, based upon specific factual averments, that Blevins had filed the chapter 13 case in bad faith.[1]

Clearstory argues that section 1307(b) must be read in conjunction with section 1307(c) and that the two sections can and should be harmonized by holding that the apparently unfettered right to dismiss established by section 1307(b) must yield to the court's power, established by section 1307(c), to deny dismissal and order conversion of the case to chapter 13. Otherwise, according to Clearstory, section 1307(c) would be nullified and bankruptcy courts would be powerless to protect themselves and creditors against dishonest debtors who abuse the bankruptcy process as a means of delay, harassment, and avoidance of just obligations.

Clearstory's nullification argument is fallacious. As a technical matter of statutory construction, sections 1307(b) and 1307(c) do not stand in contradiction to one another since nothing in section 1307(b) divests a bankruptcy court of power to order conversion in lieu of dismissal where the debtor does not request dismissal. Absent section 1307(c), the court's power to order the conversion of a chapter 13 case to a chapter 7 proceeding, even with the debtor's consent, would be problematic. Clearstory's policy argument that a bankruptcy court should not

---

1. As a result of this holding, the bankruptcy court entered three separate orders. The first noticed the dismissal of the chapter 13 case on the request of Blevins; the second denied Clearstory's motion to convert; and the third granted a motion to abstain from and remand a state court action filed by Clearstory against Blevins and two other defendants. This appeal is from all three of the orders.

be powerless to defend itself and creditors from the actions of unscrupulous debtors is far more persuasive. However, in the face of the clear and unequivocal language of section 1307(b), such an argument must be made to Congress which has the power to amend the statute. It is not within the province of this court to do so.[2]

---

2. Although the terseness of this opinion might suggest my belief in the inevitability of the outcome, that appearance is misleading. Rather, I see no point in my repeating the competing lines of reasoning that other courts have adopted in addressing the issue in the past. The question is a close one and worthy of decision by the Fourth Circuit.