In re William C. MILLER, Debtor.

William C. Miller, Appellant,

v.

United States Trustee; David L. Miller, Trustee; Beneficial Mortgage Company of Utah; Robert Cummings; Randy Sugihara; Craig Butters; Tom Gormley; Miller America, Inc.; SPS American Car Care Center; Frank L. Allred; Instant Cash Pawn & Loan; SS Auto Brokers, Inc.; Corey L. Ericksen; and Joseph Huey, Appellees.

BAP No. UT–02–082.
Bankruptcy No. 02T–23053.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Dec. 30, 2003.

William C. Miller, pro se.

Duane H. Gillman of McDowell & Gillman, P.C., Salt Lake City, Utah (R. Mont McDowell with him on the brief), for Appellee, David L. Miller, Trustee.

Before McFEELEY, Chief Judge, NUGENT, and RASURE [1], Bankruptcy Judges.

## OPINION

MCFEELEY, Chief Judge.

Debtor/Appellant, William C. Miller ("Appellant") appeals an order of the United States Bankruptcy Court for the District of Utah ("bankruptcy court") that denied Appellant's motion to convert his Chapter 7 case to one under Chapter 13 of the Bankruptcy Code on the grounds that there were circumstances indicating an abuse of process. Appellant argues that the bankruptcy court erred because in the statute governing conversion, 11 U.S.C. § 706,[2] the bankruptcy court does not have the discretion to deny conversion on any basis other than the requirements set forth in that statute.[3] We agree with Appellant, and for the reasons stated herein, we REVERSE and REMAND.

## I. Appellate Jurisdiction

The Bankruptcy Appellate Panel has jurisdiction over this appeal. The bankruptcy court's order denying conversion from a Chapter 7 to a Chapter 13 is a final order subject to appeal under 28 U.S.C. § 158(a)(1). See generally Kuntz v. Shambam (In re Kuntz), 233 B.R. 580, 581 (1st Cir. BAP 1999). Appellant timely filed his notice of appeal pursuant to Federal Rule of Bankruptcy Procedure 8002. The parties have consented to this Court's jurisdiction by failing to elect to have the appeal heard by the United States District Court for the District of Utah. 28 U.S.C. § 158(c)(1); Fed. R. Bankr.P. 8001; 10th Cir. BAP L.R. 8001–1.

## II. Standard of Review

"For purposes of standard of review, decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable *de novo* ), questions of fact (reviewable for clear error), and matters of discretion (reviewable for 'abuse of discretion')." *Pierce v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); see Fed. R. Bankr.P. 8013; *Fowler Bros. v. Young (In re Young),* 91 F.3d 1367, 1370 (10th Cir. 1996).

1. Honorable Dana L. Rasure, United States Bankruptcy Judge, United States Bankruptcy Court for the Northern District of Oklahoma, sitting by designation.

2. Future statutory references are to Title 11 of the United States Code unless otherwise noted.

3. On November 18, 2003, Appellant filed an Emergency Motion for Order to Postpone or Grant an Extension of Time for Oral Argument, or in the Alternative Postpone Decision of Conversion Case After Oral Argument, or in the Alternative Keep the Stay in Effect Until Other Related Cases Have Concluded ("Motion"). On that same day, we denied that Motion in part, concluding that oral argument should go forward and taking the remainder of the motion under advisement.
In his Motion, the Appellant makes two arguments: first, he argues that this appeal should be stayed pending the outcomes of other appeals before panels of this court because favorable decisions in those appeals would make this appeal moot; second, he asks us to continue the stay this Court entered pending this appeal that prohibited the Trustee from selling personal property of the bankruptcy estate. To obtain a stay pending appeal, a party must establish each of the following: (1) a strong likelihood of success on the merits; (2) a threat of irreparable injury absent a stay; (3) no danger of substantial injury to the other parties if the stay is granted; and (4) issuance of a stay is not contrary to the public interest. *See Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). The Appellant has not alleged anything that would support any of these elements and so his Motion is denied.

Whether § 706 limits a bankruptcy court's discretion is a question of statutory interpretation. Questions of statutory interpretation are questions of law that are reviewable *de novo*. *Dalton v. Internal Revenue Service*, 77 F.3d 1297, 1299 (10th Cir.1996).

### III. *Background*

In February 2002, an involuntary Chapter 7 petition was filed against Appellant. Subsequently, David L. Miller ("Trustee") was appointed Chapter 7 trustee. On November 15, 2002, Appellant filed a Motion to Convert Case to Chapter 13 and Motion to Expedite Hearing ("Motion to Convert"). A hearing on Appellant's Motion to Convert was held on November 18, 2002. At the conclusion of the hearing, the bankruptcy court denied the Motion to Convert "for the reasons stated on the record." No additional findings were contained in the subsequent order entered on November 19, 2002. This appeal timely followed.[4]

### IV. *Discussion*

Section 706(a) permits a debtor "to convert a case under this chapter [7] to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title." 11 U.S.C. § 706(a). The stated policy behind § 706(a) is to provide the debtor with "the one-time absolute right of conversion ... [in order to give] the debtor ... the opportunity to repay his debts...." S.Rep. No. 95–989, at 94 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5880. Pursuant to the plain language of § 706, a debtor may convert at any time if the following two elements are met: (1) the debtor has not previously converted his case; and (2) the debtor meets the eligibility requirements of the chapter to which the debtor wishes to convert. 11 U.S.C. § 706(a), (d). In this case Appellant moved to convert to Chapter 13 of the Bankruptcy Code. Under § 109(e), an individual may be a Chapter 13 debtor if he has a regular income, unsecured debts of less than $290,525, and secured debts of less than $871,550. 11 U.S.C. § 109(e).

Both Appellant and the Trustee agree that if the two elements delineated in § 706 are not present, a debtor may not convert his case. At issue is whether the bankruptcy court has the discretion to deny a conversion based not on the absence of these elements, but on attendant circumstances. Among bankruptcy courts, there is a split of authority about whether

---

4. On March 7, 2003, the Trustee filed a Motion to Supplement the Record ("Motion"). This Motion asks to supplement the record on appeal with evidence of state court criminal proceedings that occurred after this notice of appeal was filed. Because such evidence was not before the bankruptcy court, we deny this Motion.

On March 21, 2003, the Trustee filed a Second Motion to Supplement the Record ("Second Motion"). The Second Motion asks to supplement the record with evidence of a number of bankruptcy petitions filed by the Appellant. During the hearing on the Appellant's Motion to Convert, the bankruptcy court referred to these petitions. Transcript, *in* Appellee's App. at 118. Therefore, we find that there is cause to supplement the record with this evidence and we grant the Second Motion.

Finally, Appellant filed a Motion to Extend Due Date for his reply brief ("Motion to Extend Due Date"), which we granted. On April 10, 2003, the Trustee timely filed an Emergency Motion to Postpone or Extend Due Date for Appellant's Reply Brief ("Objection"). Because we had already granted the Appellant's Motion to Extend Due Date, we will treat the Objection as a motion to review the Order pursuant to 10th Cir. BAP L.R. 8016–1. We find that there is no basis for overturning the Order and so deny the Objection.

a bankruptcy court has the authority to deny conversion based on factors other than those enumerated in § 706.[5] *See In re Rigales,* 290 B.R. 401, 408–09 (Bankr. D.N.M.2003) (collecting cases).

There are a number of bankruptcy courts who have determined that § 706 is circumscribed not only by the two exceptions specifically delineated in the rule, but by a bankruptcy court's discretion. Some of these courts have found that a debtor may convert only in the absence of extreme circumstances. *See Finney v. Smith (In re Finney),* 992 F.2d 43, 45–46 (4th Cir.1993) (finding that the debtor was entitled to convert his case from Chapter 7 to Chapter 13 although he had been denied a Chapter 7 discharge based on fraudulent post-petition transfers of property because such a denial did not rise to the level of extreme circumstances); *Kuntz,* 233 B.R. at 585 (holding that a debtor's one-time right to conversion can be only denied in extreme circumstances); *Cabral v. Shamban (In re Cabral),* 285 B.R. 563, 575 (1st Cir. BAP 2002) (finding that the debtor's bad faith constituted extreme circumstance supporting a denial of conversion). Extreme circumstances that may prevent conversion include "bad faith, imposition on the Court's jurisdiction, abuse of process, or other gross inequity (e.g., sufficient to raise an estoppel)...." *In re Spencer,* 137 B.R. 506, 510–514 (Bankr. N.D.Okla.1992); *see also In re Lesniak,* 208 B.R. 902, 906 (Bankr.N.D.Ill.1997). These courts have based this conclusion on the language of the statute and the equitable powers granted bankruptcy courts in § 105 to prevent an abuse of process. *Spencer,* 137 B.R. at 512–14; *In re Calder,* 93 B.R. 739, 740 (Bankr.D.Utah 1988) (finding that the debtor, who was an attor-

ney, had abused the system and so denied conversion).

Other courts, while agreeing that a bankruptcy court has such discretion under § 105(a), have employed a broader test. These courts examine all of the circumstances of a given case including such factors as:

> "(i) whether the debtor is seeking to convert to chapter 13 in good faith (including a review of facts such as the timing of the motion to convert; the debtor's motive in filing the motion; and whether the debtor has been forthcoming with the bankruptcy court and creditors); (ii) whether the debtor can propose a confirmable chapter 13 plan; (iii) the impact on the debtor of denying conversion weighed against the prejudice to creditors caused by allowing conversion; (iv) the effect of conversion on the efficient administration of the bankruptcy estate; and (v) whether conversion would further an abuse of the bankruptcy process."

*In re Carter,* 285 B.R. 61, 64 (Bankr. N.D.Ga.2002) (quoting *In re Pakuris,* 262 B.R. 330, 335–36 (Bankr.E.D.Pa.2001)); *see also In re Marcakis,* 254 B.R. 77, 82 (Bankr.E.D.N.Y.2000) (finding that because a motion must be made and approved by a court "then a court must consider in its decision to permit or deny the possibility of abuse; prejudice to other parties or creditors; the eligibility to be a Debtor under the converted section of the code; and all the circumstances generally."); *In re Krishnaya,* 263 B.R. 63 (Bankr.S.D.N.Y.2001) (same).

At the hearing on Appellant's Motion to Convert, the bankruptcy court applied the totality of the circumstances test. In con-

---

5. The issue has been most frequently raised when a debtor files for Chapter 7, receives a discharge, and then converts to Chapter 13.

sidering the circumstances surrounding Appellant's Motion to Convert, the bankruptcy court found:

> This court ... concludes that the right to convert is not absolute but that the court must look to the circumstances in the case in determining whether to allow conversion. The facts before this court in this case are particularly troubling. Prior to the involuntary petition being filed Mr. Miller had filed either by himself or as a joint debtor with his wife or his wife by herself or as one of his business entities no less than 10 separate petitions since January of 1999. At least four of these cases were dismissed with prejudice to re-filing for 180 days. The different entities, all 20 [had an interest] in the same real property, each time statements and schedules were filed. The Chapter 11 case of Miller was converted to Chapter 7. Mr. Miller and his attorney were sanctioned in at least one case for an improper filing. None of the proposed Chapter 13 plans were ever confirmed.
>
> It is clear to the court that Mr. Miller has engaged in inappropriate practices abusing the Bankruptcy Court and code and this court to avoid paying creditors. There is absolutely no indication to the court that Mr. Miller could or would propose a confirmable plan from the evidence received today.
>
> In addition this case was filed as an involuntary case with at least 10 creditors joining the petition. It would be in complete contradiction to the purpose of the Bankruptcy Code to allow Mr. Miller to engage in further delay tactics by converting to a case under Chapter 13 under these circumstances. His behav-

ior has been egregious and will not be tolerated by further delay.

Transcript, *in* Appellee's App. at 118–19. Without further discussing whether Appellant met the two elements detailed in § 706, the bankruptcy court denied Appellant's Motion to Convert.

On appeal Appellant argues that the bankruptcy court erred in denying his Motion to Convert, pointing to a contrasting line of cases that hold that the plain language of § 706 grants all debtors a one-time absolute right to convert that is restricted only by the requirements specifically delineated in that statute. *See, e.g., Rigales,* 290 B.R. at 409–10; *In re Widdicombe,* 269 B.R. 803 (Bankr.W.D.Ark. 2001); *In re Verdi,* 241 B.R. 851 (Bankr. E.D.Pa.1999); *In re Kleber,* 81 B.R. 726 (Bankr.N.D.Ga.1987); *In re Caldwell,* 67 B.R. 296 (Bankr.E.D.Tenn.1986).[6] These cases rely not only on the plain language of the statute, but the legislative history of § 706 and the policy behind its enactment. Although the Tenth Circuit has not ruled precisely on whether a bankruptcy court may exercise its discretion in reviewing a § 706 motion, in an analogous case, *Mason v. Young (In re Young),* 237 F.3d 1168 (10th Cir.2001), the Tenth Circuit held that a debtor, converting post discharge, had a one time right to convert and that any abuse of process by such conversion was best prevented during the confirmation process.

In *Young,* the debtor owed Ronald Mason ("Mason") $300,000 in punitive damages resulting from a jury verdict in a wrongful discharge action. *Young,* 237 F.3d at 1170–71. Mason filed a nondischargeability proceeding under § 523(a)(6) in the debtor's Chapter 7 case. *Id.* at

---

**6.** While *Martin v. Martin (In re Martin),* 880 F.2d 857 (5th Cir.1989), is cited for the proposition that a debtor has an absolute one-time right to convert, we note that *Martin* does not explicitly hold that a court does not have the discretion to deny conversion under extreme circumstances, but appears to reserve that question. *Martin,* 880 F.2d at 859.

1171. Before adjudication of the nondischargeability claim, but after Young received a Chapter 7 discharge, Young moved to convert to Chapter 13. *Id.* Mason objected, but after a hearing, the case was converted. *Id.* Later, the debtor's Chapter 13 plan was confirmed. *Id.* at 1172.

Mason appealed the confirmation order to this Court (the "BAP"), arguing that conversion after a Chapter 7 discharge was improper. *Id.* After finding that the conversion order was a final order and therefore, the propriety of the conversion was not timely before it, the BAP affirmed the bankruptcy court's confirmation order. *Id.*

Mason appealed to the Tenth Circuit who affirmed the BAP's holding on different grounds. The Tenth Circuit disagreed with the BAP that the conversion order was a final appealable order, holding that an order granting conversion is not a final appealable order until a ruling on confirmation of the Chapter 13 plan. *Id.* at 1172–73. The Tenth Circuit concluded that the propriety of the conversion as well as the confirmation was properly before it for review. *Id.* at 1173. In reviewing the conversion, the Tenth Circuit held that a Chapter 13 conversion following a Chapter 7 discharge (also termed a "Chapter 20 conversion") was both permissible and proper. *Id.* at 1174.

Although the Tenth Circuit did not specifically address whether a bankruptcy court could exercise its discretion when considering a § 706 motion, it found that § 706 provides a debtor with a one time right to convert in the absence of any evidence indicating congressional intent to the contrary. *Id.* at 1173. Additionally, the Tenth Circuit found that in Chapter 20 cases, where we observe there is arguably a much broader basis for abuse,[7] abuse of process was best scrutinized during the confirmation process through the statutory provisions in § 1325. *Id.* at 1174. This reasoning applies here.

■ The plain language of § 706 as well as its legislative history suggest that Congress intended to give a Chapter 7 debtor a one time right to convert, placing that debtor in the same position he would have been had he initially filed under Chapter 13 of the Bankruptcy Code. When an individual initially files under Chapter 13 of the Code, the only criteria limiting his ability to be a debtor under that chapter is delineated in § 109(e).[8] Under § 706(d) these requirements also apply to a Chapter 7 debtor who wishes to convert. There is nothing in § 706 or anywhere else in the Code that demands more than the § 109(e) requirements of a converting Chapter 7 debtor. As the Supreme Court has observed: "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a

---

**7.** As observed in *Rigales,* a post conversion discharge may often thwart the legislative policy behind § 706 to offer the debtor an opportunity to repay his debts:

A debtor who takes advantage of a post-discharge conversion does not pay the debts that have been discharged. Only the nondischargeable and secured debts, kept current, are repaid in a Chapter 13 case converted after a Chapter 7 discharge. Debtors are required to pay those creditors holding nondischargeable debts only as

much as they would be entitled to in a Chapter 7. The creditors with discharged debts, who would otherwise be paid from the liquidation of the chapter 7 estate, are left with nothing.

*Rigales,* 290 B.R. at 407–08 (citations omitted).

**8.** While a trustee or a party in interest may later move to convert or dismiss a Chapter 13 case under § 1307, there are no initial barriers to filing the petition.

statute will produce a result demonstrably at odds with the intentions of its drafters.'" *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (quoting *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)).

■ The courts who have found that more should be demanded of a converting Chapter 7 debtor appear to be erroneously engrafting the good faith requirements of §§ 1307 and 1325 onto a conversion process initiated by the debtor.[9] While there is a loophole in the Code that permits some abuse of process in conversion cases, particularly in post discharge conversion, bankruptcy courts cannot use their equitable powers to override the plain language of a provision of the Code. *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988).

■ The Trustee argues that the procedural requirements of Bankruptcy Rules of Procedure 1017 ("Rule 1017"), and 9013 ("Rule 9013") indicate that Congress intended that bankruptcy courts exercise their discretion during the conversion process. Rule 1017 provides that a debtor must move for conversion and references Rule 9013, which provides the mechanism for such a motion. Fed. R. Bankr.P. 1017, 9013. Because conversion can only happen through a court order, the Trustee contends that the court has the inherent authority to protect the integrity of its orders by scrutinizing such requests to guard against an abuse of process. To support his argument, the Trustee cites *In re Calder,* 973 F.2d 862 (10th Cir.1992), which held that " 'conversion of a chapter 7 case [must] be accomplished by the entry of an order, not the mere service of notice of intent to request such an order.'" *Id.* at 867 (quoting *In re Dipalma,* 94 B.R. 546, 549 (Bankr.N.D.Ill.1988)). While we recognize that conversion can only occur upon a court order, we do not agree that such a requirement in the rules alone automatically invokes a court's discretion. Substantive rights are found in the Bankruptcy Code. How those rights are implemented are dictated by the bankruptcy rules. The Rules Enabling Act, 28 U.S.C. § 2075, provides that the "Supreme Court shall have the power to prescribe by general rules" but "[s]uch rules shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. Section 706 gives a Chapter 7 debtor the right to convert provided he meets the criteria provided in that statute. We conclude that a bankruptcy court may not exercise its discretion and impose requirements on the conversion process other than those delineated in the plain language of § 706.

The Trustee urges us to affirm the bankruptcy court on other grounds, arguing that Appellant could not convert under § 706(a) and (d) because he was not eligible to be a Chapter 13 debtor as detailed in § 109(e). Specifically, the Trustee argues that Appellant has more than $290,525 in unsecured debt and does not have a regular income. However, in the absence of any findings by the bankruptcy court on these issues, we may not review them here.

## V. *Conclusion*

For the foregoing reasons, we find that a bankruptcy court may not exercise its discretion to evaluate other circumstances when considering a motion to convert under § 706, but is restricted to considering

---

**9.** Section 1307 allows a bankruptcy court to convert or dismiss a Chapter 13 case for cause after notice and a hearing, while § 1325 details the requirements for confirmation of a plan.

whether the debtor meets the requirements delineated in the plain language of that statute. Accordingly, we REVERSE and REMAND for proceedings consistent with this opinion.